DANIEL CHIPMAN, Esquire,

*against*

TIMOTHY PEARL, Esquire.

Chipman
v.
Pearl.

IN ERROR. The plaintiff brought this writ to reverse a judgment of *Chittenden* County Court, rendered *March* term, 1802.

*Oyer* of the record craved, *et in nullo est erratum* pleaded.

It appeared by inspection of the record, that the plaintiff had purchased out a writ of attachment against the defendant, returnable before *Joseph Phelps*, Esquire, Justice of the Peace. At the issuing of the writ, the magistrate made the following minute thereon, and signed it with his official signature:

*George Robinson* recognised to the defendant in the sum of ten dollars for costs of prosecution in due form of law, before me.

The cause was carried by appeal to the County Court, where the defendant filed the following plea:

And now the defendant comes, &c. when, &c. where, &c. and pleads and prays, that the plaintiff's writ may be abated and quashed, and that the same may be dismissed and no further proceedings had thereon, because he says, that the said writ was a writ of attachment, and that *George Robinson*, the person who recognised for the costs which might arise in the prosecution of the same, is not a freeholder within this State, agreeably to the statute in such case made and provided, all which he is ready to verify; wherefore the defendant prays judgment as aforesaid, and that legal costs may be adjudged to him. To this plea the plaintiff demurred, and the

When a person not a freeholder, or being a freeholder not resident within this State, applies to any person having authority to issue writs on any process whatever, to attach any person or persons to answer before any Court in this State, and offers surety for the prosecution of his writ to effect, the sufficiency of such surety must be determined solely by the person issuing such writ, and cannot be afterwards questioned, under a plea of abatement.

Chipman
v.
Pearl.

Vermont Stat.
vol. 1. p. 71.

County Court rendered judgment for the defendant, and quashed the writ.

And this is the errror assigned.

So that the question rests on the 44th section of the judiciary act, " that when any person or persons, not being freeholders in this State, or being freeholders shall reside without this State, shall apply to any person having authority to issue writs for any process whatever, to summon or attach any person or persons to answer before any court within this State, there shall be sufficient surety given to the defendant or defendants, by way of recognisance, *to the satisfaction of the authority signing such process,* before the signing thereof, that the plaintiff or plaintiffs shall prosecute his, her, or their writ to effect, and shall answer all damages, if a judgment shall be rendered against him, her, or them; a minute of which recognisance, with the name of the surety or sureties, and the sum in which they are bound, shall be made upon the said writ at the time of signing thereof, and signed by such authority; and if any writ be otherwise issued, the same on motion shall be abated."

The Court are of opinion, that when a person not a freeholder, or being a freeholder not resident within this State, applies to any person having authority to issue writs for any process whatever, to attach any person or persons to answer before any Court in this State, and offers surety for prosecution of his writ to effect, the sufficiency of such security must be determined solely by the person issuing such writ, and cannot be afterwards questioned under a plea in abatement to such writ.

That if the defendant doubts the responsibility of the recognisor, or the sufficiency of the sum in which he is recognised, he may move the Court before whom the process is returned, or any other Court before whom the action may be pending, for an augmentation of the sum, or a more responsible surety; and the Court in their discretion may order bail to be put in sufficient for these purposes, as is provided in the next succeeding section to the act.

*Chipman .*
*v.*
*Pearl.*

This construction of the statute is not novel. It was so given under the presidency of Chief Justice *Woodbridge*, in a stronger case, that of *John Adams* against *Jacob Davis*, decided in this County, *January* term, A. D. 1800.

Judgment that there is error in the record, and that judgment of the County Court be reversed.

*Vide ante, vol. 1. p. 3.*

*Elnathan Keyes*, for plaintiff.
*William C. Harrington*, for defendant.